IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) | Civil Action: 21-cv-02492-RDB |
| Judgment Creditor, | ) ) ) | |
| v. | ) ) ) | |
| Above All Odds, LLC | ) ) | |
| Judgment Debtor. | ) ) | |

**Memorandum in Support of Plaintiff's Motion to Compel Answers to Interrogatories and Responses to Requests for Production of Documents Propounded Upon Turner Rascoe and Raymond Dorsey**

A government agency seeking to collect a debt may propound discovery to "any person" pursuant to Fed. R. Civ. P. 69 and 28 U.S.C. § 3015. The creditor may propound Interrogatories and Requests for Production of Documents to third parties who possess information relevant to collecting the debt. *Sabol v. Brooks*, 469 F.Supp.2d 324, 329 (D.Md. 2006) (granting motion to compel production of documents against third-party).

On June 2, 2022 EEOC exercised this authority and propounded Interrogatories and Requests for Production of Documents to Dorsey and Rascoe who are officers of the Judgment Debtor. (Exhibit A (Discovery to Dorsey) Exhibit B (Discovery to Rascoe)). They received in-hand service of the requests on June 7 and June 12, 2022, respectively. (Exhibit C, affidavits of service). They have not responded to the discovery. The purpose of the discovery is to gain information regarding the company's assets, transfers of assets from the company, and to learn if the company is the alter ego of Dorsey or Rascoe.

1

These inquiries are premised on the fact that Dorsey exercised complete control over the company and asserted to the staff that Rascoe was a figurehead. (Exhibit D Declaration of Saidah Feyijinmi at ¶ 22 a-g). Further, Dorsey staffed the business with his personal friends and used the business as his opportunity to sexually harass his female staff, functioning as the company's alter ego. *Id;* Exhibit E Declaration of Bricciana Strickland ¶¶ 14-17. Thus, there is a reasonable basis to conduct discovery regarding improper transfers of funds, piercing the corporate veil, and locating assets held by the company directly.

The Court may grant EEOC's motion to compel notwithstanding the fact that the case is closed. Post judgment discovery and motions to compel post judgment discovery may proceed without reopening a closed case. "Indeed, 'nothing in the Federal Rules of Civil Procedure requires the Court to reopen the case before it may address post-judgment discovery motions.'" *First Technology Capital, Inc. v. Airborne, Inc.,* 380 F.Supp.3d 217, 220 (W.D.N.Y. 2019) (quoting *Hardy Indus. Techs., LLC v. BJB LLC*, No. 1:12 CV 3097, 2017 WL 4408195, at *2 (N.D. Ohio Oct. 4, 2017); *see Smith v. Mallick*, No. CIV.A. 96CV2211NHJPJ, 2005 WL 3555827, at *2 (D.D.C. Dec. 29, 2005) ("There is no indication in Rule 69 that a case must be reopened before post-judgment discovery can be sought or before the party seeking such discovery can move the court for assistance.")). For these reasons, EEOC requests that the Court enter an order compelling Dorsey and Rascoe to respond to EEOC's discovery requests within 14 days of the order.

        Respectfully submitted,

        <u>/s/ Eric S. Thompson</u>
        ERIC S. THOMPSON
        Senior Trial Attorney, U.S. EEOC
        Baltimore Field Office
        George H. Fallon Federal Building
        31 Hopkins Plaza, Suite 1432

        Baltimore, MD  21201
        Phone: 410.801.6696
        Eric.Thompson@EEOC.GOV

<u>Certificate of Service</u>

I, Eric S. Thompson, hereby certify that on this 24th, day of August 2022, the foregoing was served by regular mail to:

Raymond Dorsey
158 Barnsfield Ct 1
Gaithersburg, MD 20878

Turner Rascoe
503 Goldeneye Ct.
Edegewood, MD 21040

        Respectfully submitted,

        /S/
        _____
        Eric S. Thompson
        Senior Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
        31 Hopkins Plaza, Suite 1432
        Baltimore, MD 21201
        eric.thompson@eeoc.gov
        Phone: (410) 801-6696