Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | Civil Action: 21-cv-02492-RDB |
| Judgment Creditor, | ) ) | |
| v. | ) ) | |
| Above All Odds, LLC | ) ) | |
| Judgment Debtor. | ) ) ) | |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S INTERROGATORIES TO RAYMOND DORSEY OFFICER OF JUDGMENT DEBTOR ABOVE ALL ODDS LLC.**

Equal Employment Opportunity Commission, a judgment creditor herein and pursuant to Rules 69 and 33 of the Federal Rules of Civil Procedure, submits the following interrogatories to Raymond Dorsey Officer of Judgment Debtor Above All Odds, LLC.

Each interrogatory is to be answered fully and under oath or under the penalty of perjury, with such answers returned to the undersigned at his address listed below on or before June 3, 2022.

Please serve the answers and documents to the undersigned counsel, by mail and email to:

EEOC Baltimore Field Office
Attn: Eric S. Thompson
George H Fallon Building
31 Hopkins Plaza, 1432
Baltimore, MD 21201

Email: eric.thompson@eeoc.gov

## DEFINITIONS

1.      The term "you," "yourself," and "your" shall refer to Raymond Dorsey and any attorneys or agents who acted behalf on his behalf.

2.      The term "Above All Odds" shall refer to the judgment debtor.

3.      The phrase "period in question" shall refer January 1, 2018 to present.

## INTERROGATORIES

1.      State the full name, address, email address and telephone number of the person answering this Interrogatory.

RESPONSE:

2.      State the full name, address and telephone number of all your employers or businesses between January, 2018 and state the nature of your present occupation.

RESPONSE:

3.      Identify each business you currently own or partially own and describe the work the business performs and provide the date the business was started.

RESPONSE:

4.      Do you have any interest in a corporation, partnership, or trust? If so, state the name and address of each such corporation, partnership, or trust, and include the names,

addresses and telephone numbers of all other shareholders, partners, settlors, trust protectors, trustees, and beneficiaries.

RESPONSE:

5.      Identify by name, address and telephone number each and every domestic and foreign bank and/or financial institution in which Above All Odds has an account and provide the account number, type of account, and account balance from the time the account was opened to present. In addition, identify the record owner or title of the account.

RESPONSE:

6.      Furnish the following financial information with respect to Above All Odds, LLC as of April 22, 2022

| Assets | Cost ($) | Fair Market Value ($) |
|---|---|---|
| (1) cash | | |
| (2) cash surrender value of insurance | | |
| (3) accounts receivable | | |
| (4) notes receivable | | |
| (5) merchandise inventory | | |
| (6) real estate | | |
| (7) furniture and fixtures | | |

(8) stocks, bonds, or other securities 5 Fair Market

b. Liabilities                                   Amount ($)                          Fair Market Value ($)

(1) accounts payable

(2) notes payable

(3) judgments

(4) reserves 6

      RESPONSE:


      7.     Provide the following information relating to insurance policies owned directly or indirectly by Above All Odds, LLC:

      a. Name of Insurer

      b. Policy Number

      c. Type of Insurance

      RESPONSE:


      8.     Does Above All Odds, LLC, have any accounts receivable or notes receivable? If so, set forth the name, address and telephone number of the person or entity that is indebted to Above All Odds, LLC and provide the amount of each account or note receivable.

      RESPONSE:

9.      Has Above All Odds, LLC directly or indirectly transferred, conveyed or disposed of any cash, assets or other items of value with a cost or fair market value of $1,000.00 or more during the period of April 28, 2020 to present? If your answer to this interrogatory is in the affirmative, provide the following information for each such item:

a. Name of person to whom the property was transferred

b. Description of the Property

c. Value of the Property

d. Date of transfer

RESPONSE:

10.     Has Above All Odds, LLC prepared a financial statement within the last five years? If so, state:

a. to whom the statement was given

b. the reason the statement was prepared

c. the date of the statement

    d. the name, address and telephone number of all persons who have a copy of such

      statement.

    RESPONSE:

    11.    Identify every legal action in which Above All Odds, LLC has been a party during the period in question, including, but not limited to the title of the action, the name of the court, the docket number or date the action was filed, a brief description of the nature of the action, and the result of the legal action (e.g. judgment against a certain amount).

    RESPONSE:

    12.    Identify every loan made to Above All Odds, LLC or was outstanding from Above All Odds, LLC during the period in question, including, but not limited to name of the lender, date of the loan, maturity dates, principal amount, rate of interest, collateral or security interest given by Above All Odds, LLC or its owners or managers, the purpose in borrowing funds, and date and amount of each repayment.

    RESPONSE:

13.    Identify all credit, debit, and/or automatic teller ("ATM") cards which Above All Odds, LLC uses or controls, regardless of whether such cards are titled in your name, Above All Odds' name or the name of another company or individual during the period in question, and for each such card, identify, state or describe: (a) the name and address of the financial institution that issued the card (i.e. VISA, MasterCard, American Express, bank, etc.); (b) the account number; and (c) the name(s) on the card.

RESPONSE:

14.    State whether Above All Odds, LLC has filed tax forms of any type with any state or local government or the federal government at any time between January 1, 2018 and the present. If your answer is affirmative, state the date that each document was filed the address or location where the document was filed.

RESPONSE:

15.    State the name, address, email address and telephone number of every individual who is a member of Above All Odds, LLC.

RESPONSE:

16.     State the date and time and all persons present at any meeting of the members of

Above All Odds, LLC.

RESPONSE:

17.     Did you receive a salary from Above All Odds, LLC? If you answer is in the

affirmative, please state the amount of the salary, how often it was paid and the last time it was

paid.

RESPONSE:

18.     Did you take distributions, dividends or other payments of capital from Above All

Odds, LLC? If you answer is in the affirmative, please state the date of the payment, the amount

of the payment, and the name address and telephone number of anyone who approved the

payment.

RESPONSE:

19.     Did anyone other than you take distributions, dividends or other payments of

capital from Above All Odds, LLC? If you answer is in the affirmative, please state the date of

the payment, the amount of the payment, and the name address and telephone number of anyone who approved the payment.

RESPONSE:

20.     For each time since April 28, 2020 that funds or other property were transferred from Above All Odds, LLC to an owner of Above All Odds, LLC a family member or an owner of Above All Odds, LLC or a business or other entity controlled by one or more owners of Above All Odds, LLC state the date of the transfer and the amount of funds transferred or describe the property transferred.

RESPONSE:

21.     Identify the managing member of a Above All Odds, LLC.

RESPONSE:

22.     For each meeting of the members for Above All Odds, LLC held at any time between January 1, 2018 and present state the date of the meeting, the location of the meeting and identify the persons present at the meeting.

RESPONSE:

23.     For each time that the members of Above All Odds, LLC voted on an issue please identify the person who voted, the dates the vote was taken, the issue voted on and the outcome of the vote.

RESPONSE:

24.     For each time the owners of Above All Odds, LLC received a distribution please identify the person or persons who authorized the distribution, the date the distribution was authorized, the persons who received the distribution and the amount of the distribution.

RESPONSE:

25.     Provide the address for every location where Above All Odds, LLC conducts or conducted business.

RESPONSE:

Respectfully submitted,

    /S/

_____
Eric S. Thompson
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
eric.thompson@eeoc.gov
Phone: (410) 801-6696

## <u>CERTIFICATE OF SERVICE</u>

I, Eric S. Thompson, hereby certify that on this Second, day of June 2022, the foregoing was served by process server to:

> Raymond Dorsey
> 158 Barnsfield Ct 1
> Gaithersburg, MD
> 20878

Respectfully submitted,

/S/

_____

Eric S. Thompson
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
eric.thompson@eeoc.gov
Phone: (410) 801-6696

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action:<br>21-cv-02492-RDB |
| | ) ) | |
| Judgment Creditor, | ) ) | |
| v. | ) ) | |
| Above All Odds, LLC | ) ) | |
| Judgment Debtor. | ) ) | |

_____ )

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S REQUEST FOR PRODUCTION OF DOCUMENTS TO RAYMOND OFFICER OF JUDGMENT DEBTOR ABOVE ALL ODDS LLC.**

PLEASE TAKE NOTICE that Plaintiff, Equal Employment Opportunity Commission ("Commission" or "EEOC"), requests pursuant to Rules 34 and 69, Federal Rules of Civil Procedure, Local Rule 104 and Appendix A, Guideline 10 of the Local Rules of United States District Court for the District of Maryland that Raymond Dorsey Officer of Judgment Debtor Above All Odds, LLC, electronically produce each of the documents described herein.  It is requested that the aforesaid production be made within thirty (30) days of service of these documents to the Equal Employment Opportunity Commission, Baltimore District Office Attn: Eric S. Thompson George H. Fallon Federal Building, 31 Hopkins Plaza, Suite 1432, Baltimore, Maryland 21201 pursuant to the instructions outlined below.

INSTRUCTIONS

1.      Inspection will be made by producing the documents electronically in the manor specified herein.

2.      Defendant's written response to this request should identify the documents which respond to each request by Bates number.

3.      Electronically Stored Information (ESI) shall not be produced in paper format. Production of ESI shall have the metadata set forth in Attachment 1 (Metadata Fields).

    a.  Emails must be produced in single-page TIFF format (300 DPI resolution) with a delimited DAT file containing the metadata fields outlined in Attachment 1, accompanied by an Opticon (OPT) cross-reference file and corresponding document-level extracted text and all metadata shall be preserved.

    b.  All spreadsheet and presentation files (e.g. Excel, PowerPoint) shall be produced in native format with an associated placeholder image. All hidden text (e.g. track changes, hidden columns, mark-ups, notes) shall be expanded and rendered in the image file.

    c.  All non-graphic embedded objects (Word documents, Excel spreadsheets, .wav files, etc.) that are found within a file shall be extracted and produced. For purposes of production, the embedded files shall be treated as attachments to the original file, with the parent/child relationship preserved.

    d.  Any data (whether individual files or digital containers) that is protected by a password, encryption key, digital rights management, or other encryption scheme, shall be decrypted prior to processing for production, to the extent possible.

    e.  Documents that contain redactions, including any associated family members, will be produced in single-page TIFF format (300 DPI resolution) with

corresponding document-level extracted text and a delimited DAT file containing the metadata fields outlined in Attachment 1 to the extent that such metadata fields are not part of the redaction. To the extent a party deems production of redacted TIFF images of Excel spreadsheets significantly degrades the usability of the document, the parties will meet and confer regarding alternate production methodologies of the redacted information.

f.  Prior to any production of responsive data from social media (e.g. Twitter, Facebook, LinkedIn, internet-based email accounts, etc.), the producing party shall discuss the potential export formats.

g.  Information from structured database systems shall be produced through existing report formats available in the associated applications, including but not limited to Microsoft Excel spreadsheet or delimited text format, if available.  If a receiving party believes that the format of a produced report is inadequate or does not fully respond to a discovery request, the parties will meet and confer regarding other methods to produce responsive information from the Database Systems.

4.    Documents kept in paper format in the usual course of business shall be produced in scanned and logically unitized format. Scanning shall be to single-page, TIFF Group IV, 300 dots per inch (dpi). Each page shall include the Bates/PageID number at the bottom of the page. The file name for the TIFF image shall be the Bates/PageID Number. Scanned documents shall also be converted into searchable text using optical character recognition (OCR), extracted and saved as a text file named with the Bates/PageID Number. The OCR shall include the

Bates/PageID number for each page. The load file (see 6 below) shall include a field for the OCR/Text file path and a CPL/CPT.

> a. "Logically unitized" means that all pages that belong together as a document, and only those pages, are produced as one document, with relationships such as parent and child attachments maintained. Documents that are bulk-scanned to non-unitized files will not be accepted.

5.     Documents kept in PDF format in the usual course of business shall be produced in logically unitized format. Such documents shall not be combined, merged, or otherwise joined if they are not so organized in the usual course of business. Files usually maintained in a different file type, but converted to PDF format and produced, will not be accepted. "Logically unitized" means that all pages that belong together as a document, and only those pages, are produced as one document, with relationships such as parent and child attachments maintained. Documents that are bulk-scanned to non-unitized files will not be accepted.

6.     Each production shall be accompanied by a delimited-load file in .DAT format that establishes the proper document breaks and maintains the parent/child relationships (BegAttach and EndAttach). The load file shall use the delimiters identified below and include all applicable data for the fields identified in Attachment 1.

| Value | Character | ASCII Number |
|-------|-----------|--------------|
| Column | ¶ | 020 |
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 059 |

| Nested Value | \ | 092 |
|---|---|---|

The load file should be accompanied by an Opticon (OPT) cross-reference file that references one Bates number per line.

7.    Volumes and Folders: Provide separate folders for images, text, and load files. Provide a Volume Number identifier for each production that is unique and runs in succession from the last volume produced (e.g. VOL001, VOL002, VOL003).

8.    Where possible, productions should be delivered by electronic means. Productions may be delivered by file-sharing services such as Drop Box or Hightail by sending the download link to LitSupport@eeoc.gov with a CC: to eric.thompson@eeoc.gov and cassandra.brace@eeoc.gov. Productions of less than 40MB total may be emailed to LitSupport@eeoc.gov with a CC: to eric.thompson@eeoc.gov and cassandra.brace@eeoc.gov. Productions greater than 40 MB, or split into multiple emails whose collective size is greater than 40 MB, will not be accepted by email.

Where production by electronic means is not feasible, productions may be saved to external media (CD/DVD, USB drive, external HDD drive) and delivered by UPS or FedEx to the following address:

US EEOC
OGC\LMS\LitSupport
Attn: Amanda Beckerink or Richard Van Nelson
131 M Street, NE
5th Floor
Washington, D.C. 20507

Delivery by U.S. Postal Service is not sufficient, because USPS deliveries are subjected to X-RAY security scanning, which damages data stored on external media.

9.       Encryption: Productions may be encrypted using WinZip or PKWare. The Commission will not accept productions that require the installation of other applications to read the data or remove encryption.

10.       Responses to document requests are to be supplemented pursuant to the provisions of Rule 26(e)(1) and (2) of the Federal Rules of Civil Procedure when subsequent or additional information is received by Defendant, either directly or indirectly.

11.       If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.  (Standard Instruction No. 2)

12.       Whenever in this Request Defendant is asked to identify or produce a document which is deemed by Defendant to be properly withheld from production for inspection or copying:

a. If Defendant is withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 10(d)(ii)(b). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in

addition to the information requested in paragraph 12.A, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue burden or cost, provide the information required by Discovery Guideline 10(e).

(Standard Instruction No. 4)

13.     When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must submit a privilege log which clearly indicates the portions as to which the privilege is claimed and contains all other information required by the Federal Rules of Civil Procedure. Documents may only be redacted to assert a privilege. When a document has been redacted in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

(Standard Instruction No. 5)

14.     It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced (September 28, 2020).  If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

(Standard Instruction No. 6)

15.     If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery. (Discovery Guideline 10(e))

16.     If for any specification there are no responsive documents in Defendant's possession, custody or control, state whether documents that would have been responsive were destroyed or lost, and if so, the circumstances under which they were destroyed or lost.

17.     If, in response to EEOC's discovery request, Defendant contends that information is not in its possession please state: 1) whether the information was at some point in time in Defendant's possession; 2) when the information left Defendant's possession; 3) the reason the information is no longer in Defendant's possession; and 4) the person who decided that the information would not be retained.

18.     To the extent documents responsive to any specification have previously been furnished, state the specification to which they relate, and the date they were furnished.

19.     This request is intended to cover all documents in possession of Defendant or subject to its control, whether they are located in any facility maintained by Defendant or are in storage or in the possession of a third-party vendor.


## DEFINITIONS

Notwithstanding any definition set forth below each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1.      "Judgment Debtor" means Jerry's Motocars, Inc., all its agents, employees, and other representatives acting on its behalf or under its control.

2.      "Refer" or "relate" is to be construed broadly to mean any reasonable connection to the subject matter of the discovery inquiry, whether the connection is direct or indirect.

3.      "Employee" means any person, including all officers, executives, managers, supervisors and professionals, who is or has been employed by Defendant on a full-time or part-time basis and on a temporary or permanent basis.

4.      The term "communication" means the transmittal of information by any means. (Standard Definition No. 1)

5.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.  (Standard Definition No. 2)

6.       The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to, electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document." (Standard Definition No. 3)

7.      "Or" is used in the inclusive sense, and whenever used in a specification requires all materials which meet the description of any one or more of the disjoined words or phrases.

8.      The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and"

and "or." Words in the masculine, feminine or neuter form shall include each of the other

genders.   (Standard Definition No. 9)

9.      If the requested documents are maintained in a file, the file folder is included in

the request for production of those documents.  (Standard Definition No. 10)

10.      "Personnel file" means not only applications for employment, evaluations, awards

and the like, commonly kept in some central place and called by that name or something similar,

but also all other documents concerning or primarily concerning the person referred to,

regardless of where kept and regardless of by whom prepared, including all resumes, attendance

records, employee calendars, tests, performance appraisals, awards, documents reflecting job

performance and/or employee conduct, letters of commendation, reprimands, letters of

termination, requests for leave personnel action notices and personnel documents, notes taken

during conversations with the person, notes taken during conversations about the person,

memoranda and letters exchanged with the person and those exchanged with other persons but

concerning the person, correspondence with any state employment service concerning the

person, records of all communications with other employees concerning the person, investigative

files and reports concerning or substantially concerning the person identified *whether or not they*

*actually are contained in the hardcopy personnel file*.

11.      "Electronically Stored Information" ("ESI") shall mean (i) computer files; (ii)

information contained in computer memory; (iii) electronic messages, including without

limitation, text messages, instant messages, post, and tweets; (iv) digital and analog recordings of

audio and/or video in electronic format stored in any format on any server or storage medium;

(v) emails stored in any format on any server or storage medium; and, (vi) any other form of

electronically stored information.

## REQUESTS

1.      All documents, including but not limited to monthly, quarterly, or other periodic statements, cancelled checks, deposit slips, wire transfers, etc. regarding any domestic or foreign bank or other financial account, belonging to Above All Odds, LLC regardless of how such account is titled, over which you had signatory authority or other such control at any time during the period from January 1, 2018 to present.

RESPONSE:


2.       Copies of all credit, debit and/or ATM card statements of account from Above All Odds, LLC wherever located and regardless of whose name appears on the account(s), from January 1, 2018 to present, for such card(s) which you use or which you have signatory authority or other such control.

RESPONSE:


3.      Copies of all receipts, statements, deposit slips, wire transfer memoranda, debit slips, electronic mail messages, and other such documents reflecting any funds, stock and, or property having a value in excess of $500.00 transferred from Above All Odds by: (a) you (individually or in any capacity); (b) your spouse (individually or in any capacity); or (c) Turner Rascoe from January 1, 2018 to present.

RESPONSE:


4.      Copies of all correspondence, email, text messages, notes, memoranda, written by you or received by you regarding any account(s) identified in response to Document Request Nos. 1 through 3 above.

RESPONSE:


5.      Copies of all documents, including correspondence, email and text messages between you and Turner Rascoe regarding and transfer of funds from Above All Odds to you or Turner Rascoe from January 1, 2018 to present.

RESPONSE:


6.      Copies of all 1099 forms or W-2s issued by Above All Odds to you or Turner Rascoe from January 1, 2018 to the present.

RESPONSE:

7.      Copies of all documents relating to payments made by Medicare, Medicaid any other public benefits program including state and local programs to Above All Odds, LLC at any time since January 1, 2018.

RESPONSE:

8.      Copies of all journals, books, receipts, and other such documents reflecting, stating, identifying, and/or describing: a. assets located in the United States which Above All Odds, LLC possesses or controls directly or through other persons, entities, or nominees; and b. assets located outside the United States which Above All Odds, LLC possesses or controls directly or through other persons, entities, or nominees.

RESPONSE:

9.      All statements of profit and loss pertaining to Above All Odds created at any since January 1, 2018.

RESPONSE:

10.     Copies of all documents which constitute those identified or referred to in the EEOC's Interrogatories addressed to you and served simultaneously with this Request for Production of Documents or in the response to those Interrogatories.

RESPONSE:

11.     All documents relating to dissolving Above All Odds, LLC.

RESPONSE:

12.     All documents which indicate the disposition of assets belonging to Above All Odds including the balance sheets and other financial records of Above All Odds, LLC.

RESPONSE:

13.     Copies of Above All Odds, LLC's federal and state income tax returns for years 2018 to 2021.

RESPONSE:


14.     Copies of all monthly telephone bills for Above All Odds from January 1, 2018 to present.

RESPONSE:


15.     Copy of all insurance policies and declarations, including business, employment liability, umbrella, errors and omissions, etc., maintained by Above All Odds, LLC in effect between January 1, 2018 and the present.

RESPONSE:


16.     All Forms 1099 sent (or will be sent) to Above All Odds, LLC by anyone for the years 2018 to present.

RESPONSE:


17.     All Forms 1099 and W-2s sent (or will be sent) to Above All Odds to anyone for the years 2018 to present.

RESPONSE:


18.     Copies of all documents relating to payments made by any health insurance company whether for profit or non-profit publics or private to Above All Odds, LLC at any time since January 1, 2018.

RESPONSE:


19.     A copy of any minutes, notes or other documents relating to any meeting of the members of Above All Odds LLC which occurred between January 1, 2018 and the present.

RESPONSE:


20.     A copy of the Articles of Organization, Operating Agreement and any bylaws or other related documents for Above All Odds, LLC.

RESPONSE:


21.     All documents identifying anyone who had an ownership interest in Above All Odds, LLC.

RESPONSE:


22.     Provide all documents relating to any distribution you, Turner Rascoe or any other individual received from Above All Odds, LLC.

RESPONSE:


23.     Provide all documents relating to any other mental health related business operated by Turner Rascoe or Raymond Dorsey.

RESPONSE:


Respectfully submitted,

        /S/

_____
Eric S. Thompson
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
eric.thompson@eeoc.gov
Phone: (410) 801-6696

## **CERTIFICATE OF SERVICE**

       I, Eric S. Thompson, hereby certify that on this Second, day of June 2022, the foregoing was served by process server to:

                Raymond Dorsey
                158 Barnsfield Ct 1
                Gaithersburg, MD
                20878

                              Respectfully submitted,

                              /S/

                        _____

                        Eric S. Thompson
                        Senior Trial Attorney
                        EQUAL EMPLOYMENT OPPORTUNITY
                        COMMISSION
                        31 Hopkins Plaza, Suite 1432
                        Baltimore, MD 21201
                        eric.thompson@eeoc.gov
                        Phone: (410) 801-6696

**Attachment 1**

**METADATA FIELDS**

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-mail | Other ESI |
|---|---|---|---|---|---|---|
| CUSTODIAN | Custodian(s)/Source(s) - format: Last, First or ABC Dept. | Text | 160 | x | x | x |
| AUTHOR | Creator of the document | Text | 500 | | | x |
| BEGDOC# | Start Bates (including prefix) - No spaces | Text | 60 | x | x | x |
| ENDDOC# | End Bates (including prefix) - No spaces | Text | 60 | x | x | x |
| PGCOUNT | Page Count | Number | 10 | x | x | x |
| GROUPID | Contains the Group Identifier for the family, in order to group e-mails with their attachments | Text | 60 | | x | x |
| BEGATTACH | Start Bates number of  parent document in attachment range | Text | 60 | x | | x |
| ENDATTACH | End Bates number of last attachment in attachment range | Text | 60 | x | x | x |
| REDACTIONS | Identifies whether the document contains redactions. | Boolean | 10 | x | x | x |
| RECORD TYPE | Use the following choices: Image, Loose E-mail, E-mail, E-Doc, Attachment, Hard Copy or Other. If using Other, please specify what type after Other | Text | 60 | x | x | x |
| FROM | Author - format: Last name, First name | Text | 160 | | x | x |
| TO | Recipient- format: Last name, First name | Text – semicolon delimited | Unlimited | | x | x |
| CC | Carbon Copy Recipients - format: Last name, First name | Text – semicolon delimited | Unlimited | | x | x |
| BCC | Blind Carbon Copy Recipients - format: Last name, First name | Text – semicolon delimited | Unlimited | | x | x |
| SUBJECT | Subject/Document Title | Text | Unlimited | | x | x |
| CONVINDEX | E-mail system ID used to track replies, forwards, etc. | Text | Unlimited | | x | |
| | Relative file path of the text file associated with either the extracted text or the OCR | Text | Unlimited | x | x | x |

| TEXT FILEPATH | | | | | | |
|---|---|---|---|---|---|---|
| DATE TIME SENT | Date Sent (Use Time Zone of Collection Locality) | Date and Time | MM/DD/YYYY HH:MM:SS | | x | |
| DATE TIME CRTD | Date Created (Use Time Zone of Collection Locality) | Date and Time | MM/DD/YYYY HH:MM:SS | | x | x |
| DATE TIME MOD | Date Last Modified (Use Time Zone of Collection Locality) | Date and Time | MM/DD/YYYY HH:MM:SS | | x | x |
| DATE TIME ACCD | Date Accessed (Use Time Zone of Collection Locality) | Date and Time | MM/DD/YYYY HH:MM:SS | | x | x |
| FILE SIZE | Native File Size in bytes | Number | 10 | | | x |
| FILE NAME | File name - name of file as it appeared in its original location | Text | Unlimited | | | x |
| FILE EXTENSION | Extension for the file (e.g. .doc, .pdf, .wpd) | Text | 10 | | x | x |
| FILEPATH | Data's original source full folder path | Text | Unlimited | | x | x |
| NATIVE LINK | Relative file path location to the native file | Text | Unlimited | | x | x |
| FOLDER ID | Hard Copy container information (e.g. folder or binder name) | Text | Unlimited | x | | |
| MD5 HASH | MD5 Hash value (used for deduplication or other processing) (e-mail hash values must be run with the e-mail and all of its attachments) | Text | Unlimited | | x | x |