IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | Civil Action: 21-cv-02492-RDB |
| Judgment Creditor, | ) ) ) | |
| v. | ) ) | |
| Above All Odds, LLC | ) ) ) | |
| Judgment Debtor. | ) ) | |

<u>Memorandum in Support of Application to Show Cause Why Raymond Dorsey and Turner Rascoe Should Not be Held in Contempt</u>

On September 22, 2022 this Court granted Plaintiff's motion to compel and ordered Turner Rascoe and James Dorsey, officers and owners of Defendant, to respond to Plaintiff's requests for production of documents and answer Plaintiff's interrogatories. (ECF No. 21 *granting* ECF No. 19). Neither Dorsey nor Rascoe have responded to the discovery requests as ordered.

"If a party or a party's officer, director, or managing agent… fails to obey an order to provide or permit discovery… the court where the action is pending may [treat] as contempt of court the failure to obey any order." Fed. R. Civ. P. 37(b)(2)(A)(vii). Federal courts have the inherent power to order sanctions "to preserve the integrity of the judicial process" and to punish bad-faith conduct intended to delay or disrupt the course of litigation or to impede enforcement of a court order." *Life Technologies Corporation v. Govindaraj*, 931 F.3d 259, 267 (4th Cir.

1

2019) (internal citations omitted) (holding owner and officer of corporation in contempt for failing to comply with order to turn over email addresses). Here, Rascoe and Dorsey are withholding key financial information thereby preventing the Charging Parties in this action from receiving a remedy for Defendant's violation of Title VII.

To establish that a party is in civil contempt, the moving party must show: "(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) ... that the decree was in the movant's favor; (3) ... that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) ... that [the] movant suffered harm as a result." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000). Here the elements are easily met. The first element is established in that the Court issued an order on September 22, 2022 requiring Defendant to respond to the discovery requests. That order was served upon Defendant. *See* ECF No 22. The second element is established in that the order was in EEOC's favor, granting the relief the Commission sought. *See* ECF No. 21. The third element is established in that Defendant has violated the order by not producing the requested documents. The fourth element is established in that the EEOC has been harmed by Turner and Rascoe's failure to produce the documents. The lack of information has thwarted collection efforts. The purpose of the request was to identify Defendant's assets, determine if any improper transfers of property had occurred, and determine if there are grounds for piercing the corporate veil given Dorsey and Rascoe's significant personal control over the company. (Exhibit A Declaration of Saidah Feyijinmi at ¶ 22 a-g; Exhibit B Declaration of Bricciana Strickland ¶¶ 14-17)

As a remedy for contempt EEOC requests that the Court impose a daily monetary fine of $50.00 on Turner and Rascoe. The Fourth Circuit has held that courts may impose monetary

fines as a sanction for contempt. *See Buffington v. Baltimore County,* 913 F.2d 113, 118 (4th Cir. 1990); *see also Briggs v. City of Norfolk,* 89 Fed. Appx. 854 (4th Cir. 2004). Courts in the Fourth Circuit must consider four factors in determining what sanctions to impose: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non- compliance; and (4) whether less drastic sanctions would have been effective. *Southern States Rack & Fixture, Inc. v. Sherwin–Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The presence or absence of any one of these factors is generally not decisive: "[t]he harshest of sanctions" may be imposed "when ... culpability is minimally present, if there is a considerable showing of prejudice, or, alternatively, the prejudice is minimal but the culpability is great." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 533 (D. Md. 2010). A monetary fine is warranted because the Court has already issued a default judgment against the Defendant and its officers, Rascoe and Turner, have consistently ignored the Court's orders.

"One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chicago Truck Drivers v. Brotherhood Labor Leasing,* 207 F.3d 500, 504 (8th Cir. 2000) (citing *United States v. United Mine Workers,* 330 U.S. 258, 290 n. 56 (1947)). "[W]hen a court imposes fines and punishments on a contemnor, it is not only vindicating its legal authority to enter the initial court order, but it also is seeking to give effect to the law's purpose of modifying the contemnor's behavior to conform to the terms required in the order." *International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 828 (1994); quoting *Hicks v. Feiock,* 485 U.S. 624, 635 (1988).

A monetary fine is the most effective and least drastic measure available to secure compliance. Fed. R. Civ. P. 37(b)(2) offers several options for sanctions but they center around issuing default judgments, striking pleadings, or deeming contested facts admitted, none of which are suitable here. The Court has already entered a default judgment, the discovery requests at issue do not seek any admissions, and Turner and Dorsey have not filed any pleadings that could be stricken. Therefore, the only remaining sanctions under Fed. R. Civ. P. 37(b)(2) would be to issue an order pursuant to Fed. R. Civ. P. 37(b)(2)(i) or (ii) finding that Turner and Rascoe are Defendant's alter ego or have improperly transferred funds, a harsh consequence which would only partially advance the Plaintiff's interest. Plaintiff would still need answers to the discovery requests to identify and locate the relevant assets. A monetary fine, unlike other sanctions, would provide an ongoing incentive to provide answers to the discovery requests and allow for a just determination regarding the relationship between Turner, Rascoe, and Defendant, thereby allowing the agency to execute its mission to eradicate and remedy discrimination.

Monetary sanctions for civil contempt are not retributive in nature. *See, e.g., Cromer v. Kraft Foods North America, Inc.,* 390 F.3d 812, 822 (4th Cir. 2004) (citations omitted). A contempt fine is considered civil and remedial if it either "coerce[s] the defendant into compliance with the court's order, [or] ... compensate[s] the complainant for losses sustained." *Bagwell,* 512 U.S. at 829, quoting *Mine Workers supra* at 303–304. EEOC requests a $50.00 per day fine in the belief that such an amount will secure compliance without being unduly punitive. Courts have imposed much larger fines to secure compliance with an order. *See Lamar Financial Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (affirming $500 per day fine for failure to turn over discovery materials); *See Palmigiano v. Garrahy*, 448 F. Supp. 659, 672

4

(D.R.I. 1978) (imposing a coercive fine of $1,000 per day where the defendant failed to comply with court order); *United States v. Work Wear Corp.*, 602 F.2d 110, 114 (6th Cir. 1979) (holding that a $5,000 a day coercive fine on a commercial laundry was not an abuse of discretion); *Fed. Trade Comm'n v. Productive Mktg., Inc.*, 136 F. Supp. 2d 1096, 1112-13 (C.D. Cal. 2001) (imposing fine of $50.00 per day for first day of non-compliance with the amount doubling for every additional day of non-compliance as coercive sanction for failure to follow court order in favor of a government agency). Accordingly, a $50.00 per day fine is a reasonable sanction.

## CONCLUSION

To stop the ongoing disregard for its September 22, 2022, the Commission requests that the Court order Turner and Dorsey to Show Cause why the Court should not impose a $50 per day fine against them until such time as they comply with the order by providing complete responses to discovery.

Respectfully submitted,

/s/ Eric S. Thompson
ERIC S. THOMPSON
Senior Trial Attorney, U.S. EEOC
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD  21201
Phone: 410.801.6696
Eric.Thompson@EEOC.GOV

Certificate of Service

I, Eric S. Thompson, hereby certify that on this 12th, day of January 2022, the foregoing was served by overnight delivery to:

Raymond Dorsey
158 Barnsfield Ct 1
Gaithersburg, MD
20878

Turner Rascoe
503 Goldeneye Ct.
Edgewood, MD
21040

        Respectfully submitted,


        /S/
        _____
        Eric S. Thompson
        Senior Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        31 Hopkins Plaza, Suite 1432
        Baltimore, MD 21201
        eric.thompson@eeoc.gov
        Phone: (410) 801-6696